# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.S. and L.A.**

**No. 18-0236** (Barbour County 16-JA-21 and 16-JA-22)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.M., by counsel Jamella L. Lockwood, appeals the Circuit Court of Barbour County's February 8, 2018, order terminating her parental rights to R.S. and L.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to extend her dispositional improvement period and in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed a petition alleging that petitioner exposed her children to domestic violence and substance abuse in the home. The DHHR alleged that J.A., L.A.'s father, abused substances and engaged in domestic violence with petitioner. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in August of 2016 and petitioner stipulated to the allegations of abuse and neglect in the petition. J.A. testified that he has an anger control problem and that he and petitioner regularly scream, threaten, and curse at each other. J.A. further testified that he hit petitioner in 2007, however he denied that the children had seen him hit petitioner since that time. J.A. admitted that he previously had a substance abuse problem, but

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

denied using controlled substances since 2014. Petitioner testified that she and J.A. had not been fighting as frequently as in the past and that the incidents of domestic violence were not as bad as they were made out to be. Petitioner denied that the children were afraid of J.A. Petitioner further admitted that she was a recovering addict and had been prescribed Suboxone to treat her addiction for the last five years. Ultimately, the circuit court accepted the stipulations and adjudicated petitioner as an abusing parent. However, the circuit court also found that the admissions were incomplete and that "they fail to acknowledge behavior which the [c]ourt has found actually occurred." Petitioner moved for a post-adjudicatory improvement period and the circuit court held that motion in abeyance until the children completed child advocacy interviews.

In October of 2016, the circuit court received and reviewed the children's interviews and again found that petitioner's previous stipulation was incomplete and failed to fully acknowledge the issues in the home. Nevertheless, the circuit court granted petitioner a post-adjudicatory improvement period. In December of 2016, petitioner moved to extend her post-adjudicatory improvement period. The circuit court granted petitioner's motion and noted that she was compliant in services thus far. In May of 2017, petitioner moved for a post-dispositional improvement period and the circuit court granted that motion. Additionally, the DHHR filed petitioner's psychological examination which indicated a poor prognosis for improvement. The evaluator noted petitioner's poor judgment and lack of insight into the effect her addiction and the domestic violence had on the children. According to the evaluator, petitioner's poor judgement and lack of insight continued despite the therapy and services provided by the DHHR in the past year. Due to petitioner's lack of improvement while participating in services, the evaluator opined petitioner likely would not benefit from more long-term treatment. Petitioner's unwillingness to end the relationship with J.A. even after she acknowledged its toxicity was the evaluator's largest concern.

The circuit court held a dispositional hearing in December of 2017, and the DHHR moved to terminate petitioner's parental rights. At the outset of the hearing, the circuit court took judicial notice of J.A.'s recent criminal case and that his probation was revoked. J.A. was charged with driving under the influence of controlled substances. J.A. admitted to police that he was regularly using drugs for the past month and used methamphetamine prior to driving. A case worker testified that petitioner was granted custody of the children in May of 2017 as part of her improvement period. The worker testified that the DHHR permitted petitioner to supervise contact between the children and J.A. at first, because J.A. was participating in services. The worker testified that J.A. stopped participating later in the improvement period and the DHHR forbid petitioner to allow J.A. to supervise visitation with the children. According to the worker, petitioner continued to advocate for J.A. after he stopped participating. In August of 2017, J.A. was found alone with the children and the children were removed a second time from petitioner's custody. The worker further testified that petitioner sent messages to R.S. in an attempt to coerce the child to lie about his contact with J.A. The worker testified that petitioner continued to believe that J.A. was not a threat to her children, despite his failure to participate in services. Petitioner testified she was unaware why J.A. was arrested and unaware that he was using controlled substances. Petitioner testified that she no longer believed that J.A. was a safe individual to have around her children. Finally, the psychological examination was admitted into evidence.

Ultimately, the circuit court found that J.A. failed to participate in services and that her drug usage worsened. Further, the circuit court found that petitioner attempted to hide contact between the children and J.A. from the DHHR. The circuit court concluded that there was little likelihood that petitioner would not continue a relationship with J.A. The circuit court did acknowledge that petitioner obtained employment and suitable housing and completed parenting classes. However, the circuit court also reasoned that the conditions of abuse and neglect were essentially unchanged given the evidence that petitioner pressured R.S. to lie about contact with J.A. Accordingly, the circuit court terminated her parental rights in its February 8, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion to extend her post-dispositional improvement period because she substantially complied with services. Petitioner asserts that she completed all the terms of her improvement period and it was not until the DHHR began transitioning full custody to her "that things went slightly amiss." According to petitioner, she only needed time to prove that she could protect her children from "any known bad influences" and the circuit court erred in not affording her that additional time. We disagree.

West Virginia Code § 49-4-610(6) provides that the circuit court

may extend any improvement period granted . . . for a period not to exceed three months when the court finds that the respondent has substantially complied with

---

[2]Both father's respective parental rights were also terminated as a result of these proceedings. According to the parties, the children are placed together in a foster home with a permanency plan of legal guardianship in that home.

3

the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

Further, "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements." Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Also, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The circuit court did not err in denying petitioner's motion to extend her post-dispositional improvement period because petitioner was unlikely to improve. Petitioner displayed an attachment to J.A. that rose above the needs of her children. Despite petitioner's acknowledgement that her relationship with J.A. was toxic and abusive, petitioner continued to maintain a relationship with him and continued to subject her children to that relationship. Petitioner's desire to maintain that relationship led her to ignore the DHHR's directives and caused her to pressure one of the children into lying about his contact with J.A. Petitioner argues that she did not know that J.A. was abusing substances or refusing to drug screen, however she was clearly informed by the DHHR not to allow J.A. to have contact with the children. Further, petitioner argues that she complied with all the terms of her improvement period. We have previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Despite all the services provided, petitioner still exercised poor judgement in allowing J.A. to supervise the children and then pressuring her child to lie about that contact. Accordingly, we find that the circuit court did not err in denying petitioner's motion to extend her post-dispositional improvement period.

Second, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that the best interests of the children would have been better served by termination of custodial rights only due to her strong emotional bond to the children. We disagree. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts."

The circuit court correctly terminated petitioner's parental rights because there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected. As mentioned above, petitioner failed to act in the best interest of her children despite properly administered services. Additionally, the psychological examiner opined that petitioner had failed to improve at the time of her psychological examination and that further therapy and services would not have a positive effect. Petitioner continued to exercise poor judgment and expose her

4

children to J.A against the DHHR's directive. Further, the circuit court found that petitioner would likely continue the relationship with J.A. if granted custody. According to the children's testimony, they were afraid of J.A. and continued association with him was not in their best interest. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that it was necessary for the welfare of the children to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's order terminating petitioner's parental rights rather than imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

5